## JOHNSON et al. v. OKLAHOMA CITY BLDG. & LOAN ASS'N et al.

No. 21877. Opinion Filed Feb. 23, 1932.

Withdrawn, Corrected, Refiled, and Rehearing Denied April 26, 1932.

Franklin H. Griggs, for plaintiffs in error.

Raymond B. Everest, for defendants in error.

PER CURIAM. The defendant in error the Oklahoma City Building & Loan Association, a corporation, filed foreclosure suit

14

in the district court of Tulsa county, and also application for the appointment of a receiver pendente lite. Upon hearing had upon application to appoint receiver, the trial court entered its order appointing receiver in said cause, whereupon plaintiffs in error, codefendants below, excepted to the order of the court and thereafter filed motion to vacate; and from an order denying the motion to vacate, the said Nell H. Johnson and C. R. Johnson perfected appeal in this court by filing petition in error and transcript on November 3, 1930.

Plaintiffs in error, in compliance with the rules and order of this court, filed brief herein, but the defendants in error have wholly failed to file answer brief or any other pleading in said cause on appeal within the time provided by the rules of the court.

Plaintiffs in error contend that the trial court abused its discretion in the appointment of a receiver and in refusing to vacate said appointment, in that the appointment was not justified by the evidence and was contrary to law, was improvidently made, and was without and beyond the authority and jurisdiction of the court. We have examined the brief of plaintiff in error and the authorities cited therein reasonably tend to support the assignments of error. It is shown that the property is a two-story brick veneer dwelling in good condition; that plaintiffs in error paid $14,000 for it about five years prior to filing the suit, have added improvements at a cost of over $1,800, and occupy it as a home, during which time they have reduced the indebtedness about $3,000, and that the balance due on the first and second mortgages, including taxes, amounts to approximately $10,000. The burden was on the plaintiff to establish that there is imminent danger of suffering irreparable loss.

It appears that plaintiff in error is entitled to have this cause reversed and remanded, with directions to the lower court to vacate the order appointing receiver, and it is so ordered.

Note.—See under (1), 2 R. C. L. 176; R. C. L. Perm. Supp. p. 360.